IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:18-cr-590-M |
| CHUPEE ERNEST JOE, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Assistant Federal Public Defender Michael Kawi, counsel for Defendant Chupee Ernest Joe, has filed an Unopposed Motion for Continuance of Trial and Pretrial Deadlines, *see* Dkt. No. 41, which Chief Judge Barbara M. G. Lynn has referred to the undersigned United States magistrate judge for determination, *see* Dkt. No. 42.

Mr. Kawi explains in his motion:

1. Trial is currently scheduled for March 23, 2020.
2. The original indictment, charging 12 counts of Aiding and Assisting in the Preparation of False and Fraudulent Income Tax Returns, was filed on November 20, 2018. On October 9, 2019 the grand jury returned a superseding indictment containing the original charges but adding a new charge of making a false statement in application for a passport with the enhancement that this new offense was committed while on release.
3. The new charge stems from a factual scenario entirely separate from the original allegations. In short, the government alleges that Mr. Joe made false statements in order to secure a passport to leave the country and then did so while his case for the original allegations (counts 1-12) was pending. These allegations require an entirely separate investigation from the one already completed by the defense with regard to the income tax allegations.
4. The docket reflects that the defendant was re-arrested in the Southern District of Florida allegedly returning to the United States on December 4, 2019. He was not transported to the Northern District of Texas until January 13, 2020, when he appeared before Magistrate Judge Irma Ramirez and was detained after waiving his right to a detention hearing.

5. Counsel requires additional time to complete an investigation of the new factual allegations in count 13 of the superseding indictment. As undersigned counsel has already explained to the government, Mr. Joe's likely defense at trial is that he did not believe any of the statements on the passport application were false because he was told by the passport office that passports were in fact destroyed after they were turned into the courts. If the jury were to believe this it would be a defense to knowingly making a false statement in application for a passport. As such, the defense must investigate this claim in an attempt to substantiate it. The defense is currently attempting to locate the employee at the passport office that would have spoken to Mr. Joe, but have not yet been able to do so. We believe with additional time we could accomplish this task.

6. Additionally the defense expects the government will argue at trial that Mr. Joe's alleged trip outside of the United States shows a guilty conscious and therefore is further proof of his guilt with regard to the filing of false income tax returns. The defense is attempting to locate and certify records in a foreign country that would show that Mr. Joe did not have that motivation for allegedly leaving the United States. This is not a fishing expedition; the defense does know that specific records exist, but the process for securing them in an admissible form will take more time than the parties currently have before exhibits would be due on the current trial schedule.

7. This request is not made for purposes of delay, but so that justice may be served.

8. The government is not opposed to this request.

9. Counsel is aware that this Court requires an acknowledgment from the defendant that the defense is requesting a continuance. Undersigned counsel met with the defendant on February 26, 2020 to discuss the need for the defense to have additional time to investigate the case and to prepare an effective defense. Following this discussion Mr. Joe indicated he would not sign the acknowledgment. The defense is nonetheless requesting a continuance because it is undersigned counsel's duty as an attorney to only proceed to trial when investigation is complete. Otherwise undersigned counsel, regardless of the preferences of his client, would be engaging in ineffective representation. Defense strategies can vary a great deal, and there are cases where speed trumps certain preparatory tasks; however the defense has made the decision that this is not such a case, and that there would be no strategic value in failing to complete a full investigation into the circumstances surrounding count 13.

Dkt. No. 41 at 1-3. Mr. Kawi's motion "requests that the trial be continued for a period

of at least 90 days, or as the Court might otherwise direct, and that the concomitant pretrial deadlines set forth in the Court's prior scheduling order be similarly continued." *Id.* at 3.

The Court held a hearing on March 2, 2020, at which Mr. Joe appeared in person and through Mr. Kawi and at which the government's counsel appeared. *See* Dkt. No. 44. The Court conducted part of the hearing ex parte and in camera with Mr. Joe and Mr. Kawi, and Mr. Joe explained why he is opposed to a continuance.

But, based on Mr. Kawi's motion and the Court's substantial discussion with Mr. Joe and Mr. Kawi during the March 2, 2020 hearing, the Court determines that Mr. Kawi has shown good cause for the requested continuance.

Although the Court and Mr. Kawi have given careful consideration to Mr. Joe's opposition to a continuance, the decision whether to seek a continuance is a decision that counsel, and not a defendant himself, controls. *See United States v. Dillard*, No. 3:18-cr-482-B, 2019 WL 6250776, at *2-*3 (N.D. Tex. Nov. 22, 2019) (discussing *N.Y. v. Hill*, 528 U.S. 110, 111-18 (2000)); *United States v. Valdez*, 548 F. App'x 995, 1003 (5th Cir. 2013). As the United States Supreme Court in *Hill* explained in the context of the Interstate Agreement on Detainers,

> [a]s to many decisions pertaining to the conduct of the trial, the defendant is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney. Thus, decisions by counsel are generally given effect as to what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence. Absent a demonstration of ineffectiveness, counsel's word on such matters is the last.
> Scheduling matters are plainly among those for which agreement

by counsel generally controls.

528 U.S. at 115 (internal quotation marks and citations omitted).

Mr. Kawi asserts – and has explained at length why, in his professional judgment, he believes – that he requires additional time to prepare a defense of the newly added charges. After careful consideration, the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and Mr. Joe in a speedy trial and that failure to grant such a continuance might result in a miscarriage of justice. Based on the reasons stated in the motion and the Court's discussion with Mr. Joe and Mr. Kawi during the March 2, 2020 hearing, the Court finds that the provisions of 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv) are satisfied.

Accordingly, the Court GRANTS the Unopposed Motion for Continuance of Trial and Pretrial Deadlines [Dkt. No. 41].

An amended scheduling order will follow.

SO ORDERED.

DATED: March 3, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE